IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV451-1-MU

ALBERT C. BURGESS, )
)
Petitioner, )
)
v. ) **O R D E R**
)
UNITED STATES OF AMERICA, )
)
Respondent. )
_____)

**THIS MATTER** comes before the Court upon Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed December 17, 2009.

On November 18, 2009, Petitioner was convicted, after a trial by jury, of violating 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2252(a)(2). (1:09cr17: Doc. No. 87.) On November 25, 2009, Petitioner filed a Motion for New Trial which is still pending. (1:09cr17: Doc. No. 91.) Petitioner has filed the instant petition seeking to obtain a new trial or a dismissal with prejudice of all charges. As a basis for his petition, Petitioner asserts that he was unconstitutionally brought in front of the jury wearing leg irons, a badly rumpled shirt and shorts. Petitioner also alleges that the prosecutor referenced "attorney-client protected utterances" in her closing argument in violation of court orders.

A prisoner seeking to challenge the legality of his federal sentence or conviction must proceed pursuant to 28 U.S.C. § 2255[1] in the district of conviction while § 2241 petitions are

---

[1] Although Petitioner's claims are more properly raised in a § 2255 motion, this Court will not convert his specifically labeled filing.

generally reserved for challenges to the execution of a prisoner's sentence. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). As Petitioner's present petition attacks the legality of his conviction and not the execution of his sentence, his claims are more properly brought in a motion pursuant to 28 U.S.C. § 2255. Id. Because Petitioner's present claims are not cognizable under § 2241, his Petition is dismissed.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** .

Signed: January 5, 2010

Graham C. Mullen
United States District Judge